**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 23-cv-21723-BLOOM/Torres**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ADRIAN ABRAMOVICH,

    Defendant.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S
<u>REPORT AND RECOMMENDATION</u>**

**THIS CAUSE** is before the Court upon Defendant Adrian Abramovich's ("Abramovich") Motion to Dismiss ("Motion"), ECF No. [6], filed on August 8, 2023. Plaintiff United States of America ("United States") filed a Response in Opposition, ECF No. [10], to which Abramovich filed a Reply, ECF No. [14]. The Motion was referred to Chief Magistrate Judge Edwin G. Torres on November 17, 2023, ECF No. [18]. On December 27, 2023, Judge Torres issued a Report and Recommendation ("R&R"), ECF No. [22], recommending that the Motion be denied.

Abramovich filed an Objection, ECF No. [23], to which the United States filed a Response, ECF No. [24]. The Court has considered the Motion, the R&R, the Objection, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Court overrules Abramovich's Objection and adopts the R&R in full.

**I.   BACKGROUND**

The Court assumes the parties' familiarity with the facts of this case and adopts the procedural history contained in the R&R. Nevertheless, the Court sets forth sufficient background to adjudicate the R&R.

Case No. 23-cv-21723-BLOOM/Torres

This is an action brought by the United States against Abramovich for alleged violations of the Truth in Caller ID Act (the "Caller ID Act") under 47 U.S.C. § 227(e) and 47 C.F.R. § 64.1604. The Caller ID Act, under §227(e), makes it unlawful "to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value" (known as "spoofing") and § 64.1604 is the section of the FCC's rules which implements the Caller ID Act's prohibition on unlawful spoofing. The FCC assessed a forfeiture penalty against Abramovich based on 80,000 robocalls placed through various corporations he formed, owned, and controlled in Florida. Abramovich and the various corporations within his control falsified the caller identification on the outgoing robocalls in violation of 47 U.S.C. § 227(e)(1) and 47 C.F.R. § 64.1604. The FCC alleges this is one of the largest spoofed robocall campaigns investigated in FCC history, and the 80,000 calls are a mere fraction of the one almost one-hundred million calls Abramovich made from October through December 2016. On June 22, 2017, the FCC issued its Notice of Apparent Liability for Forfeiture ("NAL") proposing a $120,000,000.00 penalty against Abramovich. Abramovich responded to the NAL in writing, but the FCC proceeded with the forfeiture order. Abramovich did not pay the fine, and the FCC referred the matter to the Attorney General.

In its Complaint, the United States asserts that Abramovich is liable pursuant to 47 U.S.C. § 227(e)(5)(A)(ii) and 47 C.F.R. § 1.80. Section 1.80 of the FCC's rules provides the rate of penalty per violation pursuant to § 227(e)(1) and C.F.R. 64.1604. Additionally, the United States seeks an order from this Court awarding: (a) payment of forfeiture in an amount to be determined by this Court; (b) interest from the date of judgment pursuant to 28 U.S.C. § 1691; (c) costs incurred by the United States in this action; and (d) any other and further relief this Court deems just and proper.

In his Motion, Abramovich argues the Complaint should be dismissed because (1) the United States failed to issue a citation warning pursuant to 47 U.S.C. § 503(b)(5) as a condition precedent to initiating this proceeding; and (2) the FCC exceeded its rulemaking authority in July 2011 when it adopted a rule that did not impose the § 503(b)(5) pre-forfeiture citation warning requirement within in the Caller ID Act.

In the R&R, Judge Torres recommends that the Motion should be denied. Abramovich objects and contends that the R&R erred in two ways: (1) by misinterpreting 47 U.S.C. § 503(b)(5) as not requiring the FCC to provide Abramovich with a citation warning prior to the issuance of the NAL; and (2) by incorrectly finding that the FCC's regulation, 47 C.F.R. § 1.80 – Forfeiture Proceedings, was consistent with the text of 47 U.S.C. § 227(e). The United States responds that the R&R is correctly reasoned, and Abramovich's objections constitute attempts to relitigate issues already brief and considered.

## II.   LEGAL STANDARD

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v.*

*WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). "It is improper for an objecting party to ... submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to an R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

#### A. Citation Warnings under 47 U.S.C. § 503(b)(5)

Abramovich argues the R&R misconstrued the nature of § 503(b) as whole, which is the subsection regulating forfeiture procedures. Even though § 503(b)(5) is absent from § 227(e), Abramovich maintains § 503(b)(5) still applies as a condition precedent for non-regulated individuals before the government can initiate forfeiture proceedings through §§ 503(b)(3)-(4). Abramovich concedes the R&R is correct that the relevant portion of the Caller ID Act, 47 U.S.C. § 227(e)(5)(A)[1], expressly provides the procedures found in 47 U.S.C. §§ 503(b)(3)-(4) are to be applied in forfeiture matters under the Caller ID Act. ECF No. [23] at 2. Nevertheless, Abramovich argues § 503(b)(5) still applies as separate sections in a statute should be interpreted "'harmoniously'. . . so that they are compatible and not contradictory." *In re Shek,* 947 F.3d 770, 777 (11th Cir. 2020).

For support, Abramovich relies on statutory cannons of construction, namely the rule against surplusage and *expressio unius est exclusio alterius*. ECF No. [23] at 2. The canon of

---

[1] Abramovich references § 227(e)(5)(A)(i); however the relevant portion of the R&R notes § 227(e)(5)(A). ECF No. [22] at 10.

4

surplusage disfavors any statutory interpretation which renders a "clause, sentence, or word" superfluous or void. *Id*. Abramovich reasons the R&R does just that in determining the express inclusion of § 503(b)(3)-(4) does not require an application of the absent § 503(b)(5) in the Caller ID Act. *Id*. Abramovich contends that, as this interpretation voids § 503(b)(5), it is improper. Additionally, Abramovich argues the canon *expressio unius est exclusio alterius*[2] is misapplied because § 503(b)(5) is a condition precedent to § 503(b)(3)-(4) and therefore necessary before the FCC can initiate forfeiture procedures, despite its absence in § 227(e). *Id*.

The United States responds that these issues have already been fully briefed and considered. ECF No. [24] at 4. The United States points out that Abramovich's previous arguments that § 503(b)(5) should be read into the Caller ID Act despite its absence are based upon the same surplusage argument raised in his objection. *See* ECF No. [6] at 11; *see also* ECF No. [14] at 2-6. The United States also argues Abramovich's contention that the R&R voids the § 503(b)(5) pre-forfeiture citation provision is misplaced. Rather, the United States notes Congress simply did not extend this provision into the Caller ID Act, and § 503(b)(5) continues to serve its original function. ECF No. [24] at 5. The United States also argues that Abramovich's surplusage argument fails, relying on *Conn. Nat'l Bank v. Germain*, 503 U.S. 249 (1992). In *Conn. Nat'l Bank,* the Supreme Court held the surplusage canon does not apply when two laws simply overlap, there must be a "positive repugnancy" to "render one or the other wholly superfluous." *Id*. at 253. Furthermore, the United States reasons that, as Abramovich cites no authority to support his *expressio unius* argument, the argument is waived. *See Kleiman v. Wright*, 18-cv-80176, 2020 WL 1849407, at *10 n.5 (S.D. Fla. Apr. 13, 2020).

Judge Torres correctly points out that the applicable statutory language is § 227(e) as it

---

[2] This is a canon of construction providing that to "include one thing implies the exclusion of the other." Black's Law Dict. (11th ed. 2019).

existed in 2017, when the NAL was issued to Abramovich. The 2017-version of 47 U.S.C. § 227(e)(5)(A) clearly and unambiguously establishes the only § 503 provisions the FCC needed to comply with were § 503(b)(3) and § 503(b)(4). Truth in Caller ID Act of 2009, Pub. L. No. 111-331, 124 Stat. 3573; ECF No. [22] at 9-10. The R&R reasons that while Congress later amended the statute to *expressly* exclude § 503(b)(5) in 2019, the statutory language as it existed in 2017 explicitly provided that only §§ 503(b)(3)-(4) were applicable when pursuing a forfeiture penalty and were therefore the only provisions the FCC was obligated to adhere to in pursuing the forfeiture penalty in this matter.[3] ECF No. [22] at 11.

Accordingly, the Court finds that the R&R correctly interprets the relevant provisions within § 227(e)(5)(A)(ii), and those provisions were properly applied in this matter. Moreover, Abramovich has done little more than re-raise arguments that were correctly rejected by Judge Torres, and there is no basis for overruling the R&R on this issue.

### B. 47 U.S.C. § 227(e)'s Implementing Regulations

Abramovich objects to the determination in the R&R that the FCC was within its regulatory authority when it promulgated a rule in July 2011, establishing its official interpretation of the Caller ID Act that § 227(e) forfeiture actions do not require the issuance of a § 503(b)(5) warning citation as a condition precedent. 76 Fed. Reg. 43196, 43201-02 (July 20, 2011). The rule clarifies that the omission of § 503(b)(5) was intentional and consistent with Congressional intent to give

---

[3] The R&R also notes this is the first large-scale spoofing action undertaken under these provisions, therefore, enforcing the statute as written by Congress is the proper standard of judicial review. ECF No. [22] at 12. *See Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1626 (2018) ("when Congress wants to mandate particular dispute resolution procedures it knows exactly how to do so"); *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 31 (1989) ("[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.") (citation omitted).

the FCC authority to "proceed expeditiously" to stop and assess forfeiture penalties against any person or entity engaged in spoofing without the need of a prior citation. *Id*.

Abramovich sets forth his objection in one sentence, asserting the FCC exceeded its rulemaking authority by removing the warning citation provision of § 503(b)(5) before issuing the NAL. ECF No. [23] at 3. No authority was cited. The United States correctly responds that this objection is not an argument, nor a basis for sustaining an objection. ECF No. [24] at 3.

Abramovich has failed to provide "the specific basis for [his] objections and supporting legal authority" for support as required by the SDFL Local Rules. S.D. Fla. L. Mag. J.R. 4(b) ("Any party may object to a Magistrate Judge's proposed findings, recommendations or report. . . . Such a party shall file with the Clerk of the Court . . . written objections which shall specifically identify the portions of the proposed findings, recommendation or report to which objection is made, the specific basis for such objections, and supporting legal authority."). Abramovich's unsupported assertion fails to provide sufficient written objections and legal authority on this issue. As such, there is no basis for sustaining an objection to this portion of the R&R.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The R&R, **ECF No. [22]**, is **ADOPTED**;

2. Abramovich's Objections, **ECF No. [23]**, are **OVERRULED**;

3. Abramovich's Motion to Dismiss**, ECF No. [6]**, is **DENIED**.

4. Abramovich shall file his Answer to the Complaint **no later than February 26, 2024**.

Case No. 23-cv-21723-BLOOM/Torres

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 13, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record